1  BENJAMIN B. WAGNER
   United States Attorney
2  MATTHEW M. YELOVICH
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone: (916) 554-2700
   Facsimile:  (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8             IN THE UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,        | CASE NO. 2:15-MJ-00090 CKD
12 |                    Plaintiff,    | STIPULATION AND ~~0~~ PROTECTIVE ORDER
13 |              v.                  |
14 | TOU HER,                         |
15 |                    Defendant.    |

16

17     WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain

18 sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this

19 matter, or to defendant TOU HER in this case as provided below;

20     WHEREAS, the sensitive but unclassified discovery materials at issue include information

21 pertaining to victims or potential victims in this case, including personal identifying information and

22 what the government has represented are access device numbers such as bank account numbers, credit

23 card numbers, etc.;

24     WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a

25 private agreement is not appropriate in light of the nature of the information at issue and the charges in

26 this case; and

27     WHEREAS, the defendant has counsel ("Defense Counsel") who wishes to have the opportunity

28 to review the discovery;

   Stipulation & ~~[Proposed]~~ Protective Order        1

Defendant TOU HER and plaintiff United States of America, by and through their counsel of record, hereby agree and stipulate as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

2. This Order pertains to all discovery provided to or made available to Defense Counsel that is identified as sensitive and subject to a protective order in this case (hereafter, collectively known as "protected discovery").

3. Defense Counsel shall not disclose any of the protected discovery to any person other than their respective client, or attorneys, law clerks, paralegals, secretaries, experts, and investigators, involved in the representation of their respective client. However, at no time shall defendant be permitted to review the protected discovery outside of the presence of Defense Counsel or Defense Counsel's partners, associates, or employees as designated by Defense Counsel, and Defense Counsel or his/her designee shall not leave any of the protected discovery with defendant at any location.

4. The protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose. The protected discovery is now and will forever remain the property of the United States Government. Defense Counsel will return the discovery to the Government or certify that it has been shredded at the conclusion of the case, to include any appeal, and/or collateral attack.

5. Defense Counsel will store the discovery in a secure place, such as Defense Counsel's private office, and will use reasonable care to ensure that it is not disclosed to third persons or their respective client in violation of this agreement.

6. If Defense Counsel releases custody of any of the discovery, or authorized copies thereof, to any person described in paragraph (3), Defense Counsel shall provide such recipients with copies of this Order and advise that person that the protected discovery is the property of the United States Government, that the protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the protected discovery may constitute a violation of law and/or contempt of court.

///

7. In the event that defendant obtains substitute counsel, undersigned Defense Counsel agrees not to disclose any protected discovery to successor counsel absent a court order that a) Defense Counsel be relieved, b) successor counsel be appointed, and c) all discovery be turned over to successor counsel.

8. Defense Counsel shall be responsible for advising their client, employees, and other members of the defense team of the contents of this Stipulation/Order.

IT IS SO STIPULATED.

Dated: May 14, 2015                                   Respectfully submitted,

                                                      BENJAMIN B. WAGNER
                                                      United States Attorney

                                              By:     /s/ Matthew M. Yelovich
                                                      MATTHEW M. YELOVICH
                                                      Assistant U.S. Attorney


                                              By:     /s/ Erin Radekin
                                                      Erin Radekin
                                                      Counsel for TOU HER

**ORDER**

IT IS SO FOUND AND ORDERED.

DATED: May 14, 2015.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE